■ JOHN LIPSHULTZ et al., Respondents, v K & G INDUSTRIES, INC., et al., Defendants, and STRESCON INDUSTRIES, INC., Appel-

lant. (And a Third-Party Action.) [794 NYS2d 663]—In an action to recover damages for personal injuries, etc., the defendant Strescon Industries, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (O'Donoghue, J.), entered July 17, 2003, as, upon a jury verdict awarding the plaintiff John Lipshultz the sums of $450,000 for past pain and suffering and $206,000 for past lost earnings, and awarding the plaintiff Anne Lipshultz the sum of $200,000 for loss of consortium, is in favor of the plaintiffs and against them.

Ordered that the judgment is reversed insofar as appealed from, on the law, the facts, and as an exercise of discretion, with costs, the award to the plaintiff John Lipshultz for past lost earnings is reduced from the sum of $206,000 to the sum of $88,500, and a new trial is granted only on the issues of damages for past pain and suffering of John Lipshultz and for loss of consortium for Anne Lipshultz unless, within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict as to damages for past pain and suffering from the sum of $450,000 to the sum of $300,000 and for loss of consortium from the sum of $200,000 to the sum of $15,000, and to the entry of an amended judgment accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs and disbursements.

The awards of damages for past pain and suffering and loss of consortium materially deviate from reasonable compensation to the extent indicated (*see* CPLR 5501 [c]). Further, claims for lost earnings "must be ascertainable with a reasonable degree of certainty and may not be based on conjecture" (*Bailey v Jamaica Buses Co.*, 210 AD2d 192 [1994] [internal quotation marks omitted]). The award for lost earnings was speculative to the extent indicated. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.